558 P.2d 710

Antoinette DIMOND, Appellant,

v.

SAMARITAN HEALTH SERVICE, an Arizona Corporation, and James R. Bacon, in his capacity as Director of Employee Relations of Samaritan Health Service, Appellees.

No. 1 CA–CIV 3295.

Court of Appeals of Arizona, Division 1.

Sept. 23, 1976.

Rehearings Denied Nov. 3, 1976 and Dec. 14, 1976.

Petition for Review Denied Jan. 11, 1977.

Divelbiss, Gage & Cheney by G. David Gage, Phoenix, for appellant.

Shimmel, Hill, Bishop & Gruender, P. C. by Robert J. Deeny and G. Gregory Eagleburger, Phoenix, for appellees.

HOWARD, Chief Judge.

Appellant filed an action in the superior court for declaratory relief. The case came on for trial before the court which, after hearing appellant's evidence, granted appellees' "motions for directed verdict" and entered judgment in their favor.[1]

Appellant was a supervisor in the clinical pathology laboratory of Good Samaritan Hospital, a private hospital. When appellant was discharged by the hospital she requested a hearing on her discharge pursuant to the Samaritan Hospital Service poligram which contained rules, regulations and procedures relating to employment and termination of employment. At the hearing which was scheduled she was prohibited from being represented by legal counsel and no provision was made for the compulsory attendance of witnesses.

In the trial court it was appellant's contention that the employee procedures constituted a contract between the hospital and herself. She requested the court to construe the contract and require the hospital to permit the presence of her attorney at the hearing and further permit her to have the power to subpoena witnesses by means of subpoenas and subpoenas duces tecum issued by the clerk of the superior court.

Both counsel joined in a motion to "bifurcate" the issues and first try the issue of whether the poli-gram constituted a contract. This motion was granted with appellant receiving the right to make an offer of proof on the issue of whether she was qualified to represent herself at the employment hearing. An offer of proof was made in which appellant set forth the evidence which she would have adduced on the remaining issues. It concerned the complexity of the hearing and her inability to represent herself. Nowhere in the offer of proof did appellant state that she would show that appellees were acting in any capacity other than as private entities. The court found that the poli-gram did not constitute a contract and therefore entered judgment in appellees' favor.

On appeal it is appellant's contention that the poli-gram did in fact constitute a contract. Assuming arguendo that it did, the record shows that the hospital was quite willing to follow the procedures set forth in the poli-gram and give appellant a hearing. It was appellant's contention that there could not be a "hearing" without allowing her to have her attorney present and without the right to compulsory attendance of witnesses.

■ We are at a loss to understand why the trial was bifurcated and the contract issue was tried first. Whether the poli-gram constituted a contract is of no consequence. Assuming arguendo that it constituted a contract between the parties, it did not provide for the presence of counsel and compulsory attendance of witnesses. Since appellant had no contractual right, her claim to such hearing rights must rest on a constitutional basis, to-wit; denial of due process. The Fourteenth Amendment

---

1. Since the case was tried without a jury the proper procedure was to grant a motion for involuntary dismissal pursuant to Rule 41(b), Rules of Civil Procedure.

of the United States Constitution applies only to state action and not to private conduct. *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961); Civil Rights Cases, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835 (1883). Likewise, Article 2, Sec. 4 of the Arizona Constitution applies only to state action. There is no allegation in appellant's complaint that the hospital was a public hospital. On appeal, she refers to the hospital as a private hospital.[2] In her opening trial statement, appellant set forth her theory, never suggesting that appellees were other than private entities. Likewise, her offer of proof failed to show state action.

Whatever reasons the court may have given for entering judgment in appellees' favor, the result was correct.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. Sec. 12–120(E).

## ON MOTION FOR REHEARING

HOWARD, Chief Judge.

Appellant contends in her motion on rehearing that the judgment of the trial court deprives her of a right to a hearing before dismissal. We do not so construe the trial court's judgment. The appellee was at all times willing to follow the procedures in the poli-gram and grant appellant a hearing. In fact a time had already been set for the hearing when appellant filed her complaint for declaring relief and for an injunction to stop the hearing. What appellant desired by way of relief was an order requiring the hospital to allow her attorney to be present at the hearing and for an order allowing compulsory attendance of witnesses. As we pointed out in our original opinion, the poli-gram did not provide for such procedures. The only way she would be entitled to such relief would be if it were constitutionally required or, under a theory of "fair procedure" such as is espoused in the case of *Pinsker v. Pacific Coast Society of Orthodontists,* 12 Cal.3d 541, 116 Cal. Rptr. 245, 526 P.2d 253 (1974). As far as a private hospital is concerned, it must follow its own rules and regulations and failure to do so justifies judicial intervention. *Shulman v. Washington Hospital Center,* 222 F.Supp. 59 (D.C.1963). But, the hearing to which appellant is entitled need only be conducted in a fair manner. All the legal accoutrements of a trial are not necessary. Appellant is not entitled to have an attorney present nor compulsory attendance of witnesses. *Sussman v. Overlook Hospital Association,* 95 N.J.Super. 418, 231 A.2d 389 (1967). She does have a right to have a hearing as set forth in the poli-gram.

The motion for rehearing is denied.

KRUCKER and HATHAWAY, JJ., concur.

---

2. Even if it were a public hospital, there still might not be a right to have counsel present.

See *Tony v. Reagan,* 467 F.2d 953 (9th Cir. 1972).