681 P.2d 918

**Frank PAROS, Plaintiff/Appellant,**

v.

**HOEMAKO HOSPITAL, an Arizona corporation, and Richard Stayton, Defendants/Appellees.**

**No. 2 CA–CIV 4948.**

Court of Appeals of Arizona, Division 2.

May 2, 1984.

Treon, Warnicke & Roush, P.A., by John Aguirre, Phoenix, for plaintiff/appellant.

Weyl, Guyer, MacBan & Olson, P.A. by Daniel P. Jantsch, Phoenix, for defendants/appellees.

## OPINION

HOWARD, Judge.

This is an appeal from the granting of a summary judgment. Appellant was hired by appellee Hoemako Hospital (hospital) as chief x-ray technician on May 9, 1977. He was subsequently discharged on September 24, 1980, by the hospital administrator, appellee Stayton. In June or July 1981 the hospital was contacted by the Equal Employment Opportunity Commission and advised that appellant had filed an action with it claiming discrimination in his termination on the basis of sex and age. The commis-

sion asked the hospital for a response and the hospital did so.

On September 28, 1981, appellant filed this action alleging (1) breach of contract and wrongful discharge; (2) libel and slander; (3) interference with employment contract and interference with prospective advantage.

The hospital moved for summary judgment based on the affidavit of appellee Stayton and portions of appellant's deposition. Stayton's affidavit stated as follows:

"At all times material to this lawsuit, I held the position of Administrator at Hoemako Hospital. One of my duties was supervision of department heads and supervisors, including Plaintiff Frank Paros.

In addition, one of my duties as Administrator was the hiring and firing of supervisors. In my capacity as Administrator, and after discussing his inability to control his temper and work well with fellow employees and patients with the hospital's Personnel Director, the Director of Nursing, the Comptroller, and the Chief of Radiology, I concluded Frank Paros' presence on the staff in a supervisory capacity was detrimental to the best interests of the hospital. I, therefore, terminated his employment on September 24, 1980. At that time I advised him orally of the reasons for termination and also completed a Personnel Action Form setting forth the reasons for termination as follows: 'chronic argumentative, hostile attitude inconsistent with performance of supervisory duties.'

In approximately June or July, 1981, the hospital was contacted by EEOC and advised that he had filed an action claiming discrimination in his termination on the bases of sex and age. The hospital responded, through counsel, in a letter dated August 5, 1981, a copy of which is hereto annexed, by providing information from our files relevant to this issue. Included in this information was the Personnel Action Form dated September 24, 1980, which is referred to above. Information regarding Mr. Paros was communicated to EEOC solely in response to his filing the discrimination action and as part of the administrative procedure of that agency. * * * "

Appellant's opposition to the motion for summary judgment consisted, mainly, of his counsel's argument. An affidavit by appellant was attached but it did not dispute any of the statements made in Stayton's affidavit.

The trial court granted summary judgment in the hospital's favor. Appellant contends there were material issues of fact which precluded the granting of the hospital's motion. We do not agree and affirm.

Although appellant's employment was one at will, he contends that the hospital policy handbook became part of his contract and precluded his discharge. See *Leikvold v. Valley View Community Hospital*, et al., 141 Ariz. ___, 688 P.2d 201 (1983).

We first note that we have not been provided with a copy of this handbook, nor was the trial court, as far as the record shows. We do not know what the handbook says, but, assuming arguendo that it does become part of appellant's employment contract, and, prohibited his discharge except for cause, the trial court still did not err. First, appellant was not entitled to a hearing prior to his discharge as he contends because, unlike *Leikvold*, the handbook here apparently did not require a hearing. We say "apparently" because nowhere does appellant make the contention that the handbook contains an express provision for a hearing. Second, appellant points out that the handbook lists examples of termination for cause. What they are, we do not know for the reasons previously stated. However, appellant has cited nothing to us which indicates these examples were intended to be exclusive. Third, appellant never denied any of the statements made in Stayton's affidavit, and did not deny that there was a cause for his discharge to wit: "chronic, argumentative, hostile attitude inconsistent with performance of supervisory duties." These rea-

**338**

sons constituted good cause for his discharge.

◼ Appellant's argument that the court erred in granting summary judgment on his count for interference with appellant's employment contract is unsupported by any authority of any kind and we therefore will not consider it.

◼ As for appellant's count based on interference with prospective advantage, it required some contract or business expectancy by appellant vis-a-vis a third party. See *Pre-Fit Door, Inc. v. Dor-Ways, Inc.*, 13 Ariz.App. 438, 477 P.2d 557 (1970). There was no contractual relation or business expectancy with a third party, only the contract which may have existed between appellant and appellee hospital.

◼ Appellant also contends that his due process requirements under the Fifth and Fourteenth Amendments to the United States Constitution and art. II, § 4 of the Arizona Constitution require that he have prior notice and a hearing before the hospital could discharge him. This contention is devoid of merit. There is no question that due process requirements apply to state action, but there was no state action here. *Dimond v. Samaritan Health Service*, 27 Ariz.App. 682, 558 P.2d 710 (1976).

◼ As for the libel and slander, the hospital responded to the commission by letter along with a copy of appellant's personnel file. Appellant contends that certain matters contained in these documents were defamatory and that the trial court erred in granting summary judgment. We do not agree. Appellant had filed a charge with the commission pursuant to 42 U.S.C. § 2000e–5. Subparagraph (b) of this section provides that whenever a charge is filed the commission shall serve a notice of the charge on the employer and shall make an investigation thereof. The hospital's response was pursuant to the investigation being made by the commission. That being so, the hospital enjoyed an absolute privilege against the defamation charge. See *Ross v. Duke*, 116 Ariz. 298, 569 P.2d 240

(App.1976) and see, Prosser, Law of Torts, 4th Ed. § 114, p. 776 et seq.

Affirmed.

BIRDSALL, C.J., and HATHAWAY, J., concur.