STATE OF NEBRASKA, APPELLEE, V. ROBERT BLEVINS, APPELLANT.
STATE OF NEBRASKA, APPELLEE, V. MICHAEL E. MCCONNELL,
APPELLANT.

394 N.W.2d 663

Filed October 10, 1986. Nos. 86-199, 86-216.

George E. Brugh, for appellant Blevins.

John R. Brogan of Brogan & McCluskey, for appellant McConnell.

Robert M. Spire, Attorney General, and Laura L. Freppel, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The defendants separately appeal their sentences received from the district court for York County. The cases are consolidated for the purposes of this opinion because they arise out of the same course of events and present an identical issue on appeal. For reasons stated below the judgments are modified and affirmed.

In separate informations filed on July 31, 1985, in the district court for York County, defendants, Robert Blevins and Michael E. McConnell, were charged with one count of burglary. On December 17, 1985, the defendants, on their

separate pleas of guilty, were convicted of burglary, a Class III felony. On February 3, 1986, in separate hearings, defendants were sentenced to confinement in the Nebraska Penal and Correctional Complex for terms of not less than 2 nor more than 4 years. At the time of sentencing, both defendants were wanted on charges pending in the State of Colorado. The trial court, in each case, directed the sentence imposed was to be "served consecutive to any sentence received by the defendant in Colorado." Defendants appeal, each alleging only one error, that the trial court erred in sentencing defendant to a term of incarceration to run consecutively to any sentence received by defendant on charges pending in the State of Colorado.

It is the law of Nebraska that it is within the discretion of the trial court to impose consecutive sentences for separate crimes. See, *State v. Davis*, 200 Neb. 557, 264 N.W.2d 198 (1978); *State v. Tweedy*, 196 Neb. 251, 242 N.W.2d 629 (1976). Furthermore, we have held that absent an abuse of discretion, judgments of the district court that are within the statutory limits will not be disturbed on appeal. *State v. Sabala*, 210 Neb. 304, 313 N.W.2d 700 (1981).

Until now, this court has not been asked to consider whether it is within the trial court's discretion to require a sentence be served consecutively to a possible sentence yet to be imposed. We hold that such a sentence is not within the trial court's discretion. To do otherwise would leave many questions unanswered and, in effect, would create an indefinite sentence with a beginning date impossible to determine at the time of the imposition of the sentence. To the same effect, see, *State v. Reed*, 237 Kan. 685, 703 P.2d 756 (1985); *State v. White*, 18 Ohio St. 3d 340, 481 N.E.2d 596 (1985); *People v. Lister*, 155 Cal. App. 3d 132, 202 Cal. Rptr. 37 (1984); *State v. Mastrilli*, 62 Or. App. 464, 661 P.2d 124 (1983); *People v. Flower*, 644 P.2d 64 (Colo. App. 1982).

We therefore hold it is impermissible for a sentencing court to require that a sentence, otherwise properly imposed, shall be served consecutively to a possible future sentence on pending criminal charges not disposed of at the time of the sentencing. The judgment of the trial court in each case is affirmed but modified to strike from the sentence, as surplusage, the

language, "Said sentence shall be served consecutive to any sentence received by the defendant in Colorado."

AFFIRMED AS MODIFIED.