506 So.2d 66 (1987)
James L. PERCIVAL, Appellant,
v.
STATE of Florida, Appellee.
Nos. 85-2338 to 85-2345.
District Court of Appeal of Florida, Second District.
April 29, 1987.
James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant, James L. Percival, appeals the judgments and sentences entered in eight cases. We find that the trial court erred by requiring appellant's sentences to be served consecutively to an undetermined sentence to be imposed at an undetermined time in the future by a court in another county. We, accordingly, remand with instructions to strike that requirement from the judgments and sentences, but affirm in all other respects.
Appellant was originally placed on probation for two years in Hillsborough County after pleading nolo contendere to the charge of dealing in stolen property. Less than five months later, the state filed seven informations in Hillsborough County charging appellant with ten counts of robbery and one count of attempted robbery. Appellant pled nolo contendere to these charges in exchange for the trial court's agreement that he would not be sentenced to serve more than fifteen years in prison.
Although the guidelines scoresheet is not contained in the record, the record reveals that the prosecutor advised the trial court at sentencing that appellant's scoresheet reflected a presumptive sentence of twelve to seventeen years. Defense counsel neither disagreed with nor objected to the prosecutor's statement.
The trial court denied the state's request to depart from the presumptive sentence and, pursuant to its agreement with appellant, imposed five years imprisonment for dealing in stolen property and fifteen years imprisonment for each of the other eleven charges. All of the sentences were to be served concurrently. Over defense counsel's *67 objection, however, the trial court granted the state's request to require these sentences to be served consecutively to a sentence to be imposed at a later date on charges pending against appellant in Pinellas County. Appellant filed timely notices of appeal which have been consolidated for purposes of appeal.
We reject appellant's contention that we must remand for resentencing because there is no scoresheet in the record. Appellant's sentences were entered pursuant to an agreement with the trial court. See Lawson v. State, 497 So.2d 288 (Fla. 1st DCA 1986); Rowe v. State, 496 So.2d 857 (Fla. 2d DCA 1986), petition for review granted, No. 69-606 (Fla. March 20, 1987). Additionally, the record reflects that a scoresheet was prepared, that the trial court was informed of appellant's score and presumptive sentence, and that the trial court did not depart from the presumptive sentence. The mere absence of the scoresheet in the record is, therefore, irrelevant. See Davis v. State, 461 So.2d 1361 (Fla. 2d DCA), petition for review denied, 471 So.2d 43 (Fla. 1985).
We agree, however, with appellant's contention that the trial court erred in requiring his sentences to be served consecutively to a sentence which had not yet been imposed on other charges pending against him. The sentence imposed by a trial court must commence on a definite date, Keel v. State, 321 So.2d 86 (Fla. 2d DCA 1975), and may only be required to be served consecutively to an existing sentence. See Richardson v. State, 432 So.2d 750 (Fla. 2d DCA 1983); Teffeteller v. State, 396 So.2d 1171 (Fla. 5th DCA 1981).
In this case, the trial court did not know when, if ever, the Pinellas County sentence would be imposed or what length the sentence would be. Under these circumstances, the trial court erroneously ordered appellant's sentences to be served consecutively to an undetermined sentence to be imposed at an undetermined time in the future. We, accordingly, remand with instructions that the trial court strike that portion of appellant's sentences which requires the sentences to run consecutively to appellant's expected Pinellas County sentence. We affirm the judgments and sentences in all other respects.
Affirmed in part, reversed in part, and remanded.
DANAHY, C.J., and SCHOONOVER and SANDERLIN, JJ., concur.