802 P.2d 1041

**STATE of Arizona, Appellee,**

v.

**Michael Lemont KING, Appellant.**

**No. 1 CA–CR 89–615.**

Court of Appeals of Arizona,
Division 1, Department D.

Aug. 23, 1990.

Petition and Cross–Petition for Review
Denied Jan. 8, 1991.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Criminal Div., and Crane McClennen, Asst. Chief Counsel, Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for appellant.

## OPINION

BROOKS, Presiding Judge.

Defendant Michael Lemont King appeals from the judgment of conviction and the sentence imposed after a jury found him guilty of one count of robbery. The offense was designated a nondangerous, repetitive, class 4 felony. Defendant received the presumptive sentence of six years' imprisonment and was given credit for 137 days of presentence incarceration. The trial court ordered that the sentence be served consecutively to any sentence that might be imposed in the proceeding to revoke defendant's probation that was then pending in Pinal County Superior Court.

Defendant raises the following issues on appeal:

(1) Did the trial court err by refusing defendant's requested instruction on theft as a lesser-included offense of robbery?

(2) Did the trial court err by ordering that the sentence in this matter run consecutively to any sentence that might be imposed in defendant's pending Pinal County probation revocation matter?

We affirm defendant's conviction, but remand for resentencing because we find that the trial court erred in ordering that defendant's sentence run consecutively to a sentence that had not yet been imposed.

## FACTS

The facts, taken in the light most favorable to sustaining the verdict, are as follows. On December 24, 1988, four men were driving along Van Buren Street in

Phoenix. They saw a woman at a telephone booth near a motel and stopped to talk to her. The woman invited them into her motel room "to party". Three of the men went with her. Inside the room, two of the men agreed to pay the woman for sex. The other man returned to the car. The lights were turned out, and the two remaining men lowered their pants. At this point, defendant came out of his hiding place in a closet, claimed to be a police officer, and threatened to shoot both men. He frisked the victims and took their money. He then stated that he was not going to arrest them, but that he was going to keep their money. Both men left the motel room. They saw a police car nearby, flagged it down, and reported the incident. Defendant was arrested in the motel room moments later. He did not testify at trial.

## JURY INSTRUCTIONS

At the conclusion of the evidence, defendant's counsel requested that the jury be instructed on theft as a lesser-included offense of robbery. He correctly noted that the crime of robbery consists of all of the elements that make up the crime of theft plus the additional element of threat or force. The prosecutor objected, stating that the only evidence presented was that defendant had threatened to shoot the victims prior to taking their money. Defendant's counsel asserted, however, that the jury could find defendant guilty of theft if it believed that the state had met its burden of proving all of the elements of robbery except the element of threat or force. He contended that requiring defendant to produce evidence that no force or threats had occurred before being entitled to a theft instruction improperly placed the burden of proof on defendant. We find no error.

■ An instruction on a lesser-included offense is proper if the crime in question is a lesser-included offense of the crime charged *and* the evidence otherwise supports the giving of the instruction. *State v. Celaya*, 135 Ariz. 248, 660 P.2d 849

(1983). In the present case, both of the victims testified that defendant threatened to shoot or kill them before taking their money. This evidence only supported an instruction on robbery. A defendant is not entitled to a lesser-included offense instruction where the evidence is such that he is either guilty of the crime charged or not guilty at all. *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). The mere possibility that the jury might choose to disbelieve a portion of the state's case in such a situation does not require the court to instruct on a lesser-included offense. *Id.* at 300, 451 P.2d at 881.

Defendant contends that the testimony of Phoenix Police Officer Daniel Wallace supported a theft instruction.[1] He maintains that one of the victims gave Wallace a version of the facts in which the victims' money was taken without force or threats.

It is true that the portion of Wallace's testimony that defendant refers to does not indicate that the victim told Wallace that defendant had threatened the victims with a gun. However, Wallace stated in other testimony that the same victim had told him that defendant purported to have a gun. The victim also told Wallace that although he never saw a gun, he believed defendant's statement that he had one. Taken as a whole, Wallace's testimony does not support a theft instruction.

## CONSECUTIVE SENTENCE

■ At the time that defendant was sentenced in this case, a petition to revoke his probation was pending in Pinal County consolidated cause numbers CR 10048 and CR 10097. The trial court ordered that defendant's six-year sentence run consecutively to whatever sentence might ultimately be imposed in the Pinal County matter. On appeal, defendant argues that the trial court erred in ordering that his sentence run consecutively to a sentence that had not yet been imposed. The state responds that the sentence was authorized by A.R.S.

---

1. Defendant's opening brief attributes this testimony to Police Sergeant Edmonson. The testimony was actually given by Police Officer Wallace.

**344**

section 13–708. We disagree with the state's position.

We first observe that A.R.S. section 13–604.02(B) provides for mandatory consecutive sentences for persons who are convicted of crimes committed while they are on probation. *State v. LaBar,* 148 Ariz. 522, 715 P.2d 775 (App.1985). However, in order to invoke the mandatory provisions of this particular statute, the defendant must receive notice before trial commences that the state intends to allege his release status to enhance punishment. *State v. Waggoner,* 144 Ariz. 237, 697 P.2d 320 (1985). No such notice was given to the defendant in this case. Consequently, we must look to section 13–708, the general consecutive sentencing statute relied upon by the state, rather than to section 13–604.02(B) to determine whether defendant's sentence was authorized.

Section 13–708 provides that the trial court may impose a consecutive sentence in two situations: 1) when multiple sentences of imprisonment are imposed upon a person at the same time and 2) when a person who is subject to any undischarged term of imprisonment imposed at a previous time is sentenced to an additional term of imprisonment. In both situations, the sentence imposed runs consecutively to an existing sentence. However, the statute does not authorize the court to order that a sentence run consecutively to a sentence that has not yet been imposed.

No Arizona cases have discussed the reasons for distinguishing between existing sentences and sentences that have not yet been imposed in this context. However, we note that decisions from other jurisdictions demonstrate that the distinction is a sound one.

A consecutive sentence, by definition, does not begin until the sentence to which it is consecutive has been satisfied. *Mileham v. Arizona Bd. of Pardons and Paroles,* 110 Ariz. 470, 520 P.2d 840 (1974); *Eyman v. McPherson,* 1 Ariz.App. 578, 405 P.2d 830 (1965). Consequently, a sentence that is ordered to run consecutively to a sentence that has not yet been imposed creates problems of implementation.

Courts in other jurisdictions have held that such sentences are too indefinite to be implemented. *See Percival v. State,* 506 So.2d 66 (Fla.App.1987); *State v. Blevins,* 223 Neb. 864, 394 N.W.2d 663 (1986); *State v. DeChenne,* 39 Or.App. 901, 594 P.2d 831 (1979).

Courts have also found such sentences objectionable for reasons other than their indefiniteness. When the trial court orders that a sentence run consecutively to a sentence that may be imposed in the future, it does so without knowing what the length of the future sentence, if any, will be. It therefore lacks a complete basis for the exercise of its discretion. *People v. Flower,* 644 P.2d 64 (Colo.App.1982); *Commonwealth v. Holz,* 483 Pa. 405, 397 A.2d 407 (1979). In addition, the consecutive sentence that it imposes may interfere with the sentencing discretion of the court that is to impose the future sentence. *State v. White,* 18 Ohio St.3d 340, 481 N.E.2d 596 (1985).

For the reasons stated, we affirm defendant's conviction and remand for resentencing.

FIDEL and TAYLOR, JJ., concur.