817 P.2d 53

**The STATE of Arizona, Appellee,**

v.

**Terry Finnie RIOS, aka Michael A. Rios, aka Mike A. Trujillo, Appellant.**

**No. 2 CA–CR 91–0041.**

Court of Appeals of Arizona, Division 2, Department B.

Aug. 22, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Eric J. Olsson, Tucson, for appellee.

Susan A. Kettlewell, Pima County Public Defender by Susan M. Quillin, Tucson, for appellant.

## OPINION

FERNANDEZ, Judge.

Appellant was charged with third-degree burglary, a class 4 felony, and theft by control, a class 1 misdemeanor. The state alleged both that appellant has three prior convictions and that the offenses were committed while he was on parole in CR–22332. Pursuant to a plea agreement, appellant pled guilty to solicitation to commit burglary in the third degree, a class 6 felony, in exchange for the dismissal of all other charges and allegations. He was sentenced to an aggravated term of 22 months' imprisonment on December 27, 1990. Although appellant did not object at the time of sentencing, he argues that the trial court erred in ordering the sentence to be served consecutively to the sentence imposed in CR–22332, in which a petition to revoke parole was pending, or consecutively "to any additional incarceration imposed as a result of parole revocation in that case."

■ Appellant's argument is based on *State v. King*, 166 Ariz. 342, 802 P.2d 1041 (App.1990), which was decided by Division One of this court on August 23, 1990, four months before appellant was sentenced. Because appellant did not object at the time of sentencing, absent fundamental error, the issue is waived and we will not consider it on appeal. *State v. Thomas*, 130 Ariz. 432, 636 P.2d 1214 (1981); *State v. Whitney*, 151 Ariz. 113, 726 P.2d 210 (App.1985). We do not believe that *King* precluded the imposition of a consecutive sentence in this case; therefore, we find no fundamental error.

In *King*, the court considered whether A.R.S. § 13–708 permits a sentencing court to order a sentence to be served consecutively to one that has not yet been imposed. The sentence in that case was to be served consecutively to the sentence to be imposed in another matter in which a petition to revoke probation was pending. In finding that the sentence was improper, the court noted that "a sentence that is ordered to run consecutively to a sentence that has not yet been imposed creates problems of implementation." 166 Ariz. at 344, 802 P.2d at 1043. The court also observed that because of the uncertainty of the length of a future sentence, the sentencing judge will necessarily be impeded in soundly exercising his or her discretion.

■ The state argues that *King* is distinguishable. We agree. In this case, a sentence has already been imposed in CR–22332; in the event that appellant's parole is revoked, the length of time remaining to be served can readily be calculated. It is simply the "period equal to [the] unexpired maximum term of sentence at the time parole was granted." A.R.S. § 31–417. That certain period is not the same as a sentence imposed following the revocation

of probation; there, the actual sentence is imposed for the first time after revocation. The sentence imposed in CR–22332, unlike a sentence imposed after probation is revoked, is a "term of imprisonment imposed at a previous time" such as that contemplated by A.R.S. § 13–708.

Appellant argues that the uncertainty here is whether parole will, in fact, be revoked. This is not the kind of uncertainty that concerned the court in *King*. If parole is revoked, appellant will serve the balance of the term imposed in CR–22332 and then the term imposed here. If parole is not revoked, appellant will only be incarcerated for the term imposed here while he continues to serve the balance of his parole in CR–22332. The length of his sentence, whether parole is revoked or not, is certain and was known to the judge at sentencing.

Having reviewed the record for fundamental error and having found none, we affirm the conviction and the sentence imposed.

ROLL, P.J., and HATHAWAY, J., concur.