844 P.2d 638

The STATE of Arizona, Appellee,

v.

Luis Martin MORENO, Appellant.

No. 2 CA–CR 91–0735.

Court of Appeals of Arizona,
Division 2, Department B.

Sept. 8, 1992.

Review Denied Feb. 2, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Randall M. Howe, Phoenix, for appellee.

Harold L. Higgins, Jr., Tucson, Attorney for appellant.

## OPINION

DRUKE, Presiding Judge.

Appellant Luis Moreno appeals from two aspects of his class 5 felony convictions of aggravated driving while under the influence of intoxicating liquor on a suspended license and aggravated driving with an alcohol concentration .10 or more on a suspended license, and from one aspect of his sentencing to concurrent, presumptive three-year terms.[1] Because only questions of law are presented, the facts will be limited to those necessary for a discussion of the issues raised.

### MOTION TO SUPPRESS INTOXILYZER RESULT

■ Appellant was stopped for his erratic driving on Interstate 19 by Arizona De-

---

1. Appellant does not appeal the jury's finding that his prior conviction for aggravated assault was true.

partment of Public Safety Officer Dees. Appellant manifested several indicia of alcohol consumption and upon failing field sobriety tests, was given an Intoxilyzer test. Appellant was tested at 11:50 p.m., 11:53 p.m. and 11:55 p.m. He moved to suppress all three test results.

The motion was granted as to the first two tests, the results of which are unknown,[2] because Officer Dees had not observed appellant for 20 minutes before those tests were administered. The motion was denied, however, as to the third test because appellant had been observed by Officer Dees the requisite 20 minutes, beginning at 11:34 p.m. Therefore, the third test result of .234 was admitted into evidence.

Appellant's claim that the admission of the third test result was error is based on A.R.S. § 28–692.03(A), which establishes certain non-exclusive[3] foundational requirements for the admission of breath test results. Of the five enumerated requirements, subsection three requires that:

> Duplicate tests were administered and the test results were within 0.02 alcohol concentration of each other or an operator observed the person charged with the violation for twenty minutes immediately preceding the administration of the test.

Appellant contends that subsection three always requires duplicate tests, whether (1) "the test results are within 0.02 alcohol concentration of each other" or (2) whether "an operator observed the person charged with the violation for twenty minutes immediately preceding the administration of the test." As so interpreted, appellant argues that the third test result is inadmissible because neither of the foregoing requirements is satisfied in this case.

Admittedly, requirement (1) is not satisfied because the first two test results are unknown and thus, no other test result is available for comparison to determine whether the third test falls within the 0.02 range of alcohol concentration. Requirement (2) is unsatisfied if, as appellant contends, it too requires duplicate tests because no set of duplicate tests in this case is preceded by a 20–minute observation period. We are unable to agree with appellant's contention for several reasons.

First, requiring duplicate tests for a test result that is preceded by a 20–minute observation period is not, as appellant asserts, the "most logical reading" of subsection three. Logically read, the subsection mandates duplicate tests only when the reliability of one test result is established by comparing it to another test result, and the two are within a range of "0.02 of alcohol concentration of each other." Such a range comparison presupposes duplicate or replicate tests, the reliability of which our supreme court specifically recognized in *State v. Velasco*, 165 Ariz. 480, 489 n. 7, 799 P.2d 821, 830 n. 7 (1990). However, because a range comparison is obviously inapplicable when there is but one test, the reliability of its result is established under subsection three by a 20–minute pre-test observation period, the purpose of which is to prevent an artificially high test result due to recent alcohol consumption. *See State ex rel. Dean v. City Court*, 163 Ariz. 510, 789 P.2d 180 (1990).

Second, adopting appellant's interpretation compels the conclusion that a single test result is completely inadmissible under subsection three in the absence of duplicate tests. This conclusion is not only absurd, and thus to be avoided, *State v. Arthur*, 125 Ariz. 153, 608 P.2d 90 (App.1980), but it is also inconsistent with the subsection's legislative history. Before our supreme court decided *Velasco*, subsection three referred only to the 20–minute pre-test observation period to establish reliability. After *Velasco*, the subsection was amended to include duplicate tests as an additional, judicially recognized procedure for establishing reliability.

Finally, appellant's contention that subsection three invariably requires duplicate tests is unsupported by any authority of

---

**2.** The test results were not made part of the record.

**3.** *See State ex rel. Collins v. Seidel*, 142 Ariz. 587, 691 P.2d 678 (1984); *State v. Rodriguez*, 173 Ariz. 450, 844 P.2d 617 (App.1992).

any kind, *Paros v. Hoemako Hospital*, 140 Ariz. 335, 681 P.2d 918 (App.1984), and is inconsistent with "the statute's context, the language used, the subject matter, the historical background, the statute's effects and consequences, the statute's spirit and purpose, and the evil it was designed to remedy." *State v. Campa*, 168 Ariz. 407, 410, 814 P.2d 748, 751 (1991).

In summary, we conclude that A.R.S. § 28–692.03(A)(3) does not require duplicate tests for a test result that is preceded by a 20–minute observation period and, therefore, the trial court properly denied appellant's motion to suppress the third test result.

## JURY INSTRUCTION

■ Appellant next contends, citing *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), and *Morrison v. California*, 291 U.S. 82, 54 S.Ct. 281, 78 L.Ed. 664 (1934), that the jury was improperly instructed on the presumptions regarding alcohol concentration set forth in A.R.S. § 28–692(E). *Patterson* and *Morrison* hold that if a statute shifts to an accused the burden of persuasion regarding an element of the crime by presuming the existence of that element based on the prosecution's proof of the other elements of the crime, the statute violates the Due Process Clause of the Fourteenth Amendment and is unconstitutional. *See also Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

While we do not believe the presumptions found in A.R.S. § 28–692(E) suffer from any such constitutional infirmity, *see Cacavas v. Bowen*, 168 Ariz. 114, 811 P.2d 366 (App.1991), even if we assume they do, the presumptions were included in the jury instructions at appellant's specific request. This is invited error and is waived for appeal purposes. *State v. Diaz*, 168 Ariz. 363, 813 P.2d 728 (1991). This is true notwithstanding that the requested instruction may cast the burden of proof on the defen-

dant. *See Sisson v. State*, 16 Ariz. 170, 175, 141 P. 713, 714–15 (1914), in which our supreme court succinctly stated: "[T]he party urging [an erroneous instruction] may not be heard in this court to decry a result fashioned by his own handiwork." Accordingly, we find no reversible error in the instant case.

## SENTENCING

■ The aspect of sentencing appellant claims is error concerns the trial court's refusal to run his concurrent, three-year state sentences concurrent with an expected, but unimposed, federal sentence.

Concurrent sentences are permitted under Ariz.R.Crim.P. 26.13, 17 A.R.S.[4] Moreover, an Arizona sentence may be concurrent with a sentence imposed in another jurisdiction. *State v. Rhodes*, 104 Ariz. 451, 456, 454 P.2d 993, 998 (1969). Nonetheless, we have neither been cited nor found any authority for imposing a sentence concurrent with one to be imposed *in futuro*. However, we note that in *State v. King*, 166 Ariz. 342, 802 P.2d 1041 (App. 1991), Division One of this court held that a *consecutive* sentence to an unimposed future sentence was prohibited for the following reasons:

A consecutive sentence, by definition, does not begin until the sentence to which it is consecutive has been satisfied.... Consequently, a sentence that is ordered to run consecutively to a sentence that has not yet been imposed creates problems of implementation. Courts in other jurisdictions have held that such sentences are too indefinite to be implemented....

Courts have also found such sentences objectionable for reasons other than their indefiniteness. When the trial court orders that a sentence run consecutively to a sentence that may be imposed in the future, it does so without knowing what the length of the future sentence, if any, will be. It therefore lacks a complete

**4.** The current rule requires *consecutive* sentences for two or more offenses, "unless the judge expressly directs otherwise." As originally adopted in 1978, Rule 26.13 required the converse, namely, *concurrent* sentences for two or more offenses, "unless the judge expressly directs otherwise."

basis for the exercise of its discretion.... In addition, the consecutive sentence that it imposes may interfere with the sentencing discretion of the court that is to impose the future sentence.

166 Ariz. at 344, 802 P.2d at 1043 (citations omitted). These reasons are equally applicable here. Imposing a state sentence concurrent with an unimposed federal sentence is equally difficult to implement and equally restrictive of the court's sentencing discretion. *See State v. Prevost,* 118 Ariz. 100, 574 P.2d 1319 (App.1978). We find no error.

We have reviewed the record for fundamental error and finding none, affirm appellant's convictions and sentences.

FERNANDEZ, and HATHAWAY, JJ., concur.