978 P.2d 100

The STATE of Arizona, Appellee,

v.

Kenneth Dean HALEY, Appellant.

No. 2 CA–CR 97–0352.

Court of Appeals of Arizona,
Division 2, Department A.

July 2, 1998.

Redesignated as Opinion and
Publication Ordered Aug. 19, 1998.

Review Denied May 26, 1999.

Grant Woods, The Attorney General by Paul J. McMurdie and Toni Marie Valadez, Phoenix, Attorneys for Appellee.

Belt & Associates, P.C. by James Soslowsky, Casa Grande, Attorneys for Appellant.

## OPINION

BRAMMER, Judge.

¶1 Appellant Kenneth Haley was convicted following a jury trial of first-degree premeditated murder and aggravated assault. He contends the court erred in denying his motion for mistrial on the ground the state violated his due process rights by introducing undisclosed evidence at trial and in instructing the jury on premeditated murder. We affirm.

## Facts and Procedural History

¶ 2 We view the evidence in the light most favorable to upholding the verdict and resolve all evidentiary inferences against Haley. *State v. Atwood*, 171 Ariz.576, 832 P.2d 593 (1992). In October 1994, after quarreling with his father at his parent's home, Haley stabbed his mother in the neck and stabbed his father dozens of times, killing him. The state argued at trial that Haley attacked his parents because of his belief, which was influenced by drug use, that they were trying to keep him from his children. The state also presented evidence that Haley regularly used methamphetamine and that he was under the drug's influence at the time of the attack. Although Haley's defense at trial was insanity, the state's expert, a psychiatrist, testified that he believed Haley's actions during the attack on his parents were due to methamphetamine abuse rather than a preexisting underlying mental illness. The jury found Haley guilty of first-degree premeditated murder of his father and aggravated assault of his mother. This appeal followed.

## Due Process Claim

¶ 3 During the attack, Haley gouged out his father's eyes. Months before the killing, Haley's brother Wesley had attacked his mother and had gouged out her eyes. At trial, Haley's sister, one of the state's rebuttal witnesses, testified that approximately one week after the attack upon their mother, Haley told her that Wesley had said to him immediately following the attack, "Well, I did mom. Now you have to do dad." During cross-examination, she stated she had provided this information to the prosecutor at least a year earlier. Haley objected to the sister's testimony, claiming the state had not previously disclosed this information. The trial court denied a motion for mistrial on this ground.

■ ¶ 4 Challenging the denial of his motion for mistrial, Haley argues that, be-

cause the prosecutor improperly withheld this evidence, he was prevented from developing evidence to impeach his sister, thereby violating his Fifth Amendment right to due process.[1] The trial court's decision to deny a motion for mistrial based on a claim of prosecutorial misconduct should not be disturbed on appeal absent a clear abuse of discretion. *State v. Lee*, 189 Ariz. 608, 944 P.2d 1222 (1997).

¶ 5 We agree with the state that it had no obligation to disclose this evidence. Rule 15.1, Ariz. R.Crim. P, 17 A.R.S., provides that before trial the state must disclose "the names and addresses of all persons whom the prosecutor will call as rebuttal witnesses together with their relevant written or recorded statements," Rule 15.1(f), Ariz. R.Crim. P. "[a] list of all prior acts of the defendant which the prosecutor will use to prove motive, intent, or knowledge or otherwise use at trial," Rule 15.1(a)(6), Ariz. R.Crim. P., and "[a]ll material or information which tends to mitigate or negate the defendant's guilt as to the offense charged." Ariz. R.Crim. P. 15.1(a)(7).

■ ¶ 6 The record shows that before trial the state disclosed its intent to call Haley's sister as a possible rebuttal witness, and we find nothing to suggest, nor does Haley claim, that any of the sister's conversations with or regarding her brothers had been written down or otherwise recorded. Furthermore, we do not find Wesley's statement to Haley nor Haley's reiteration of Wesley's statement to his sister to be a "prior act" on the part of Haley within the meaning of Rule 15.1(f). Finally, we do not find, and Haley does not suggest, how Wesley's statement could be used to mitigate or negate his guilt pursuant to Rule 15.1(a)(7).[2] Having found the state did not improperly fail to disclose this evidence, we conclude the trial court did not abuse its discretion in denying Haley's motion for mistrial. *Lee*.

---

1. We find that Haley's claim should more properly be considered in the context of an accused's Sixth Amendment right to confront witnesses.

2. Having found the state did not improperly fail to disclose this evidence, we do not address Haley's claim that the nondisclosure "was not protected by the Victims' Bill of Rights." Ariz. Const. art. II, § 2.1.

## Premeditation Instruction

■ ¶ 7   Haley contends the trial court erred in instructing the jury on premeditation and rejecting his proffered instruction, because the instruction the court gave did not distinguish first degree murder from second degree murder.[3]  The record reveals the instruction the trial court gave was nearly identical to the one Haley requested.  Haley first argues that although the court's instruction included the words, "instantaneous as successive thoughts," also contained in his instruction, there was "no balancing language to the effect that an act cannot be both impulsive and premeditated," the "instant effect of a sudden quarrel or heat of passion" language.  He contends such language was required by *State v. Ramirez*, 190 Ariz. 65, 945 P.2d 376 (App.1997).  The record belies Haley's claim.  Haley requested the "instantaneous as successive thoughts" language, but the court declined to give it.  Moreover, the court did include the "instant effect" language he requested.  Most importantly, the instructions that were given correctly and adequately apprised the jury of the elements of the offense and the definition of premeditation.  *See State v. Rhymes*, 129 Ariz. 56, 628 P.2d 939 (1981).  We find no error.

■ ¶ 8   Relying on *Ramirez*, Haley also argues that because the trial court's instruction contained the words "long enough to permit reflection" rather than language which required a finding of reflection, and further because the state in its closing argument repeatedly "talked about 'time for reflection' and 'sufficient time involved' for reflection, but did not refer to any actual reflection evidence offered during the trial," the jurors were misled into thinking they could find he premeditated his father's murder without finding that he actually reflected upon it.  Because Haley requested this language, he has invited any error, and may not challenge it on appeal.  *State v.*

*Diaz*, 168 Ariz. 363, 813 P.2d 728 (1991); *State v. Moreno*, 173 Ariz. 471, 844 P.2d 638 (App.1992).

¶ 9   Moreover, because we find that premeditated murder requires only that the defendant's intent to kill must precede the killing by a sufficient period of time to permit reflection, and does not require actual reflection, we find no error in the court's instruction nor the state's arguments before the jury.  In *Ramirez*, the court construed the statutory definition of premeditation for first-degree murder purposes as requiring actual reflection, and not merely a period of time sufficient to permit reflection.  Here, the trial court's premeditation instruction was materially identical to the statutory definition of premeditation, which provides:

> "Premeditation" means that the defendant acts with either the intention or the knowledge that he will kill another human being, when such intention or knowledge precedes the kiling by a length of time to permit reflection.  An act is not done with premeditation if it is the instant effect of a sudden quarrel or heat of passion.

A.R.S. § 13–1101(1).

■ ¶ 10   It is our duty to ascertain the intent of the legislature in interpreting a statute.  *Matter of Pima County Juvenile Appeal No. 74802-2*, 164 Ariz. 25, 790 P.2d. 723 (1990).  "The best and most reliable index of a statute's meaning is its language and, where the language is clear and unequivocal, it is determinative of a statute's construction."  *State v. Getz*, 189 Ariz. 561, 563, 944 P.2d 503, 505 (1997), *quoting Juvenile Appeal No. 74802-2*, 164 Ariz. at 33, 790 P.2d at 731.  We find the plain language of the statute clear in requiring that formation of the defendant's intent to kill need only precede the killing by a sufficient length of time for the act to be premeditated.  Conversely, nothing in the statute's language suggests that the defendant must actually

---

3.  Haley requested the following instruction: "Premeditation" means that the defendant's intention or knowledge existed before the killing long enough to permit reflection.  However, the reflection differs from the intent or knowledge that conduct will cause death.  It may be as instantaneous as successive thoughts in the

mind, and it may be proven by circumstantial evidence.  It is this period of reflection, regardless of its length, which distinguishes first degree murder from intentional or knowing second degree murder.  An act is not done with premeditation if it is the instant effect of a sudden quarrel or heat of passion.

reflect before he or she acts. In this regard, we respectfully disagree with Division One's interpretation of § 13–1101(1) in *Ramirez*.[4] Accordingly, we find that, in addition to Haley's inviting any error, the claim is without merit.¶ 11 The judgment of convictions and sentences imposed are affirmed.

CONCURRING: WILLIAM E. DRUKE, Chief Judge, and M. JAN FLÓREZ, Presiding Judge.

---

4. We note the legislature provided in Senate Bill 1278, ch. 289, the Criminal Code Omnibus Bill, that proof of actual reflection is not a required element of A.R.S. § 13–1101(1). 1998 Ariz. Sess. Laws, ch. __, § __, effective August 21, 1998.