NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAMIS BEARD, *Appellant.*

No. 1 CA-CR 16-0908
FILED 11-30-2017

Appeal from the Superior Court in Maricopa County
No. CR2015-148525-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Peter B. Swann and Justice Rebecca White Berch[1] joined.

---

**M c M U R D I E**, Judge:

¶1        Jamis Beard appeals the superior court's award of 179 days' presentence incarceration credit on his conviction for misconduct involving weapons. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND[2]

¶2        The State indicted Beard for misconduct involving weapons, a Class 4 felony. Beard was arrested after a police officer, who was responding to an emergency call, found a concealed weapon on him during a pat-down. Due to prior felony convictions, Beard was a prohibited possessor. After a three-day trial, a jury convicted Beard of the charge. The jury also found Beard committed the offense while on parole from a prior armed robbery conviction. Beard was sentenced to 4.5 years' imprisonment. At sentencing, the superior court awarded Beard 179 days' presentence incarceration credit. Beard timely appealed and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-120.21(A)(1).

## DISCUSSION

¶3        A defendant is entitled to presentence incarceration credit for "[a]ll time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense." A.R.S. § 13-712(B). Beard was in custody from October 16, 2015, the date he committed the offenses, until July 21, 2016, the date he was released on bond. Following

---

[1]        The Honorable Rebecca White Berch, retired Justice of the Arizona Supreme Court, has been authorized to sit in this matter pursuant to Article VI, Section 3, of the Arizona Constitution.

[2]        We view the facts in the light most favorable to upholding the verdict and resolve all reasonable inferences against the defendant. *State v. Harm*, 236 Ariz. 402, 404, ¶ 2, n.2 (App. 2015) (citing *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

his conviction, Beard was remanded into custody on November 14, 2016, and sentenced on December 14, 2016.

¶4        Beard's presentence report recommended he be awarded 311 days' presentence incarceration credit. However, Beard's criminal history report showed he violated his parole for the armed robbery conviction on October 30, 2015. Beard's prison release date for the parole violation was March 10, 2016. At sentencing, the superior court awarded Beard 179 days' presentence incarceration credit, explaining that the time Beard spent in custody from October 30, 2015, to March 10, 2016, "has to be [a] credit against the previous prison sentence not the current matter."

¶5        Beard argues he was entitled to 310 or 311 days' presentence incarceration credit and that the superior court erred when it calculated the 179 days of presentence incarceration credit by considering evidence outside the record, without taking judicial notice of the evidence considered, when it concluded the October 30, 2015, to March 10, 2016, period counted toward the remainder of Beard's parole violation.

¶6        The court did not take judicial notice of evidence outside the record because the evidence was properly before the court. Beard's criminal history report showed Beard violated parole for the armed robbery offense on October 30, 2015, and that his prison release date for the parole violation was March 10, 2016. The State also alleged, and the jury found, Beard committed the offense while on parole. To prove that finding to the jury, the State called Beard's parole officer, who testified that Beard was on parole when he committed the current offense. Therefore, evidence in the record established Beard was on parole when he committed misconduct involving weapons, and that Beard was imprisoned on the parole violation from October 30, 2015, to March 10, 2016. The superior court did not err by determining from the record that Beard was in custody for the parole violation from October through March.

¶7        Beard also argues the State "previously asserted that the record accurately portrays the correct amount of presentence incarceration credit," and therefore this court should "rely solely upon the record in this case to conclude that the trial court erred by imposing a sentence which did not grant Mr. Beard full presentence incarceration credit." Beard previously moved to remand his case to the superior court to reconstruct the record to include (1) a record of a bench conference that occurred during sentencing and (2) documents considered by the superior court in determining Beard's presentence incarceration credit. In response, the State argued "[t]his is a purely legal issue to be determined by calculating the time [Beard] was in

custody based upon the photostated instruments, including the presentence report," and that it was unnecessary to reconstruct the record. As discussed above, the record in this case supports the superior court's award of presentence incarceration credit.

**¶8**          The superior court correctly calculated Beard's presentence incarceration credit. Under A.R.S. § 13-711(B), Beard was required to serve his imprisonment for the misconduct involving weapons conviction consecutive to any imprisonment for the armed robbery conviction. Section 13-711(B) states:

> [I]f a person is subject to an undischarged term of imprisonment and is sentenced to an additional term of imprisonment for a felony offense that is committed while the person is under the jurisdiction of the state department of corrections, the sentence imposed by the court shall run consecutively to the undischarged term of imprisonment.

**¶9**          Because Beard was on parole when he committed the current offense, he was "subject to an undischarged term of imprisonment" and "under the jurisdiction of the State department of corrections." *See State v. Rios*, 169 Ariz. 108, 110 (App. 1991) (if a defendant is released on parole, the sentence imposed for the underlying conviction is a "term of imprisonment imposed at a previous time"). Therefore, Beard's sentence for the misconduct involving weapons conviction was required to run consecutively to his imprisonment for the parole violation. Section 13-708 also mandates Beard's conviction for Count 1 be served consecutively to his sentence for the parole violation. Section 13-708 states:

> C. A person who is convicted of any felony offense . . . that is committed while the person is on . . . parole . . . or any other release or escape from confinement for conviction of a felony offense shall be sentenced to a term of not less than the presumptive sentence authorized for the offense.

> E. A sentence imposed pursuant to subsection A, B or C of this section shall revoke the convicted person's release if the person was on release and shall be consecutive to any other sentence from which the convicted person had been temporarily released . . . unless the sentence from which the convicted person had been paroled or placed on probation was imposed by a jurisdiction other than this state.

**¶10**      A defendant sentenced to consecutive sentences is entitled to presentence incarceration credit on just one sentence, "even if the defendant is in custody pursuant to *all* of the underlying charges prior to trial." *State v. McClure*, 189 Ariz. 55, 57 (App. 1997); *State v. Jackson*, 170 Ariz. 89, 94 (App. 1991). A defendant is not entitled to "double credit" for time served. *State v. Cuen*, 158 Ariz. 86, 88 (App. 1988). Therefore, Beard is not entitled to presentence incarceration credit for the time he spent imprisoned on the parole violation.

**¶11**      Beard is entitled to 177 days' presentence incarceration credit. He is entitled to 147 days for the time spent in custody from October 16, 2015, to July 21, 2016, excluding October 30, 2015, to March 10, 2016. He is further entitled to 30 days for the time spent in custody from November 14, 2016, to December 13, 2016. Beard is not entitled to credit for December 14, 2016, the date he was sentenced. *See State v. Hamilton*, 153 Ariz. 244, 246 (App. 1987). The superior court granted Beard 179 days' presentence incarceration credit, but the State did not appeal or cross-appeal the sentence. An illegal sentence favoring an appellant cannot be corrected on appeal unless the State files a timely cross-appeal. *State v. Dawson*, 164 Ariz. 278, 281–82 (1990). While the State argues in its answering brief Beard is entitled to 178 days' presentence incarceration credit, raising the issue in an answering brief without cross-appealing is insufficient. *See id.* at 282. Accordingly, we decline to modify Beard's presentence incarceration credit and affirm the superior court's award of 179 days' credit.

## CONCLUSION

**¶12**      For the foregoing reasons, we affirm Beard's sentence.



AMY M. WOOD • Clerk of the Court
FILED:  AA