PER CURIAM.
The sole point meriting discussion is the appellant’s contention that the trial court erred in its sentence. The appellant was sentenced to nine years in prison to run consecutively with the sentence that the defendant is presently on parole for and any other pending case. The trial court erred in requiring the sentence to be served consecutively to a sentence which has not yet been imposed on other pending charges. It is improper to commence a sentence after the imposition of a sentence for any future unrelated crime. Wallace v. State, 41 Fla. 547, 26 So. 713 (1899); Percival v. State, 506 So.2d 66 (Fla. 2d DCA 1987); McCall v. State, 475 So.2d 1364 (Fla. 2d DCA 1985), appeal dismissed, 486 So.2d 596 (Fla.1986); Richardson v. State, 432 So.2d 750 (Fla. 2d DCA 1983); Teffeteller v. State, 396 So.2d 1171 (Fla. 5th DCA 1981); Keel v. State, 321 So.2d 86 (Fla. 2d DCA 1975).
Accordingly, we remand with instructions that the trial court strike the portion of the sentence which requires the sentence to run consecutively to expected sentences.
We affirm the judgment and sentence in all other respects.
ANSTEAD and GUNTHER, JJ., and OWEN, WILLIAM C., JR., Associate Judge (Retired), concur.