SCHEB, Judge.
The defendant, Leo Kelvin Johnson, appeals his convictions for trafficking and possession of cocaine and driving while his license was suspended. He was sentenced to five and one half years incarceration and three years probation for the trafficking count, two years community control for the possession count, and 67 days time served for driving with a suspended license. He argues two points on appeal.
First, the defendant contends that his trafficking and possession convictions arose from the same act and involved the same cocaine and thus violate the constitutional guarantee against double jeopardy. We agree that the cocaine involved in both convictions was the same; namely that found during a search after a vehicular stop. One of the convictions must, therefore, be vacated. Carawan v. State, 515 So.2d 161 (Fla.1987); Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988).
Second, the defendant argues that the trial court erred in imposing his instant Charlotte County sentence consecutive to a previous sentence imposed for a Hillsborough County offense which was committed after the date of the Charlotte County offense. He urges that he should serve his sentences in the order that he committed the crimes. This is meritless. The only limitation on a consecutive sentence is that it may not run consecutive to a sentence yet to be imposed on another offense. See Teffeteller v. State, 396 So.2d 1171 (Fla. 5th DCA 1981). The rationale is that a sentence must commence on a definite date. Percival v. State, 506 So.2d 66, 67 (Fla. 2d DCA 1987). Since the defendant’s instant sentence will commence on a definite date, i.e., after his nine year Hills-borough County sentence, it is valid.
Accordingly, we vacate the defendant’s conviction of possession and the sentence on that count. It is unnecessary to resen-tence the defendant, however, because the defendant’s adjusted total score is still within the five and one-half to seven year range. We affirm the defendant’s convictions and sentences on the trafficking and driving with a suspended license counts.
CAMPBELL, C.J., and THREADGILL, J., concur.