PER CURIAM.
AFFIRMED. § 921.16, Fla.Stat. (1993); Johnson v. State, 538 So.2d 553 (Fla. 2d DCA 1989). The appellant misinterprets Smith v. State, 515 So.2d 363 (Fla. 4th DCA 1987). Smith held that a sentence imposed that runs consecutive to a sentence in any other pending case is indefinite and therefore improper. The court stated that a sentence must commence on a definite date, albeit after another definite sentence has been served.
Here, appellant was paroled before he completed serving his original 15 year sentence and committed three additional crimes while on parole. He was then required to complete the original 15 year sentence and to serve an additional 15 years for the three new crimes consecutive to the original term. Before he completed the original term, he escaped in 1983 and committed still another offense for which he was sentenced to serve 15 years consecutive to the last sentence imposed but which he had not begun to serve. The final sentence was to commence on a definite date, although after the two previous, definite sentences had been served.
The trial court’s denial of the motion to correct an illegal sentence is affirmed.
AFFIRMED.
HARRIS, C.J., and PETERSON and GRIFFIN, JJ., concur.