NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT



TIMOTHY WAYNE HERNANDEZ,    )
    )
    Appellant,    )
    )
v.    )    Case No. 2D18-4310
    )
STATE OF FLORIDA,    )
    )
    Appellee,    )
_____)

Opinion filed October 11, 2019.

Appeal from the Circuit Court for
Hillsborough County; Thomas P. Barber,
Judge.

Howard L. Dimmig, II, Public Defender,
and Timothy J. Ferreri, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Helene S. Parnes,
Assistant Attorney General, Tampa,
for Appellee.


PER CURIAM.

Timothy Wayne Hernandez appeals his judgment and sentence for contempt.[1] On appeal, he argues that the trial court erred in imposing his contempt sentence consecutive to any sentences imposed after the resolution of his pending felony case. The State has properly conceded error, and we reverse his sentence.[2]

Hernandez was charged with multiple felonies. At a hearing, Hernandez was held in direct criminal contempt for his behavior in court. The circuit court sentenced him to six months in county jail to be served consecutive to any sentence Hernandez would receive in his existing criminal case. During the pendency of this appeal, Hernandez filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), but the motion was deemed denied when the circuit court failed to timely rule on it.[3]

On appeal, Hernandez argues that his sentence is illegal because it was ordered to commence at the conclusion of a future sentence yet to be announced. The State has properly conceded error. As this court has previously recognized, a court may not impose a sentence "consecutive to a sentence *yet to be imposed* on another offense." Johnson v. State, 538 So. 2d 553, 554 (Fla. 2d DCA 1989). Accordingly, we affirm Hernandez's judgment for contempt but reverse his sentence and remand for the entry of a corrected sentence.

---

[1]Although the contempt charge was assigned a misdemeanor case number, we have jurisdiction. See Schaab v. State, 33 So. 3d 763, 765 (Fla. 4th DCA 2010).

[2]Hernandez does not challenge his contempt judgment. Accordingly, we affirm it without comment.

[3]Although the circuit court did eventually enter an order on the motion, the order was a nullity because it was entered beyond the sixty-day time period specified in the rule. See Miran v. State, 46 So. 3d 186, 188 (Fla. 2d DCA 2010).

Affirmed in part; reversed in part; remanded.

CASANUEVA, VILLANTI, and BLACK, JJ., Concur.