947 P.2d 915

**Randall Kirk MYERS, Petitioner–Appellee,**

v.

**Honorable Harold J. REEB, a Magistrate for the City Court of Mesa, in the State of Arizona, and State of Arizona, Respondents–Appellants.**

**No. 1 CA–CV 97–0128.**

Court of Appeals of Arizona, Division 1, Department C.

Oct. 7, 1997.

**342**

Debus & Kazan, Ltd. by Lawrence I. Kazan and Tracey Westerhausen, Phoenix, for Petitioner–Appellee.

Mesa City Prosecutor by R. Kevin Hays, Chief Assistant City Prosecutor, Mesa, for Respondents–Appellants.

Grant Woods, Attorney General by Linda L. Knowles, Assistant Attorney General, Phoenix, Amicus Curiae.

## OPINION

NOYES, Judge.

This appeal arises from a magistrate's plain error in failing to follow the Arizona Supreme Court opinion which holds that a person charged with driving under the influence of intoxicating liquor is entitled to a jury trial. The superior court reversed the magistrate and remanded for jury trial. The State appealed and we affirm the judgment of the superior court.

■ Myers was charged in Mesa City Court with the misdemeanor offenses of driving under the influence of intoxicating liquor ("DUI") and having blood alcohol concentration of 0.10 or more within two hours of driving. *See* Ariz.Rev.Stat. Ann. ("A.R.S.") § 28–692(A)(1) and (2) (Supp.1996). In Arizona, a person charged with DUI has the right to a jury trial. *Rothweiler v. Superior Court of Pima County*, 100 Ariz. 37, 47, 410 P.2d 479, 486 (1966).

The State filed a Motion to Reset to Bench Trial. The two-page motion cited *Rothweiler* and invited its rejection for reasons stated in a magazine article by Hon. B. Robert Dorfman and Hon. George T. Anagnost, *Revisit-ing the Right to Trial by Jury,* The Arizona Attorney, June 1996, at 28–33. The Honorable Harold H. Reeb granted the State's motion. He issued a three-page minute entry expressing his personal frustration with DUI laws and other matters and setting this case (and nineteen other DUI cases) for trial to the court.

Myers filed a special action and the superior court reversed and remanded for jury trial, holding that "... until such time as the supreme court overrules *Rothweiler,* it is still the law in this jurisdiction." The State appealed, and it petitioned the supreme court to transfer the appeal to itself pursuant to Rule 19, Arizona Rules of Civil Appellate Procedure. That petition was denied. We have jurisdiction of the appeal pursuant to A.R.S. section 12–2101(B) (1994) and Rule 8(a) of the Rules of Procedure for Special Actions.

■ We have no need to debate any right-to-jury-trial issues here, for *Rothweiler* settles the question as regards Arizona DUI cases. "[W]e are bound by decisions of the Arizona Supreme Court and have no authority to overrule, modify, or disregard them.... Whether prior decisions of the Arizona Supreme Court are to be disaffirmed is a question for that court." *City of Phoenix v. Leroy's Liquors, Inc.,* 177 Ariz. 375, 378, 868 P.2d 958, 961 (App.1993).

We will follow *Rothweiler* and will expect other Arizona courts to follow it until and unless the supreme court instructs otherwise. And the supreme court recently signaled approval of *Rothweiler. See State ex rel. McDougall v. Strohson,* 945 P.2d 1251 (1997). *McDougall* was not a DUI case, but in that case the State argued that Arizona should discard *Rothweiler* and related cases and "be guided entirely by principles of federal constitutional law, so that Arizonans would have no right to jury trial unless it was commanded by the federal constitution." *Id.* at 5, at 1255. The supreme court explicitly rejected that argument. *Id.*

We close with a discussion of *McKay v. Industrial Commission,* 6 Ariz.App. 381, 433 P.2d 32 (1967), *vacated,* 103 Ariz. 191, 438 P.2d 757 (1968). There, the court of appeals

decided that, in workers' compensation cases, "we may, when justice dictates, review the former opinions of the Arizona Supreme Court, in light of today's problems...." *Id.* at 385, 433 P.2d at 36. The court of appeals then applied what it regarded as a better rule than the one articulated in the supreme court cases. *Id.* at 386, 433 P.2d at 37. In vacating the court of appeals opinion, the supreme court stated, "Whether prior decisions of the highest court in a state are to be disaffirmed is a question for the court which makes the decisions. Any other rule would lead to chaos in our judicial system." *McKay*, 103 Ariz. at 193, 438 P.2d at 759.

The magistrate's failure to follow *Rothweiler* was a misfeasance for which special action relief was appropriate. The judgment of the superior court is affirmed.

LANKFORD, P.J., and GARBARINO, J., concur.