36 P.3d 1224

STATE of Arizona, Appellee,

v.

Christopher Lee CECIL, Appellant.

No. 1 CA–CR 01–0054.

Court of Appeals of Arizona, Division 1, Department A.

Dec. 24, 2001.

Janet Napolitano, Attorney General, by Randall M. Howe, Chief Counsel, Criminal Appeals Section and Joseph T. Maziarz, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James Haas, Maricopa County Public Defender, by Paul J. Prato, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

SULT, Judge.

¶ 1 Defendant Christopher Lee Cecil appeals his first-degree murder conviction. His only argument on appeal is that the definition of "premeditation" found in Arizona Revised Statutes section 13–1101(1) (2000) is unconstitutionally vague because it fails to adequately distinguish first-degree murder from second-degree murder and thus allows for arbitrary and discriminatory application of the statute. Because we find that the statute as applied in this case resulted in harmless error, we affirm.

## BACKGROUND

¶ 2 Defendant was convicted of first-degree murder and sentenced to natural life in prison. The trial court defined "premeditation" for the jury as follows:

> [T]he defendant acts with either the intention or knowledge that he will kill another human being, when such an intention or knowledge precedes the killing by any length of time to permit reflection. Proof of actual reflection is not required, but an act is not done with premeditation if it is the instant effect of a sudden quarrel or heat of passion.

During closing arguments, the state explained that premeditation means "you thought about it. You knew what you were going to do and you thought about it for some period of time. It doesn't have to be a day. It doesn't have to be five minutes. It doesn't have to be a minute. Some period of time, which allows you to reflect or think what you're going to do."

## ANALYSIS

¶ 3 We recently addressed the constitutionality of § 13–1101(1) in *State v. Thompson*, 201 Ariz. 273, 34 P.3d 382 (App.2001). We determined that the statute, while constitutional on its face, was nevertheless unconstitutionally vague because of the judicial construction of the statute by the Arizona Supreme Court to the effect that premeditation could be "as instantaneous as successive thoughts of the mind." *Id.* at 280–81, ¶ 27, 34 P.3d at 389–90. We affirmed the convic-

tion, however, because the offending "instantaneous" language was not introduced into the case in any way and the *Thompson* defendant was convicted solely using the constitutional portion of the statute. *Id.* at 283, ¶ 41, 34 P.3d at 392.

¶ 4 The same situation exists here. We have searched the record and find that the jury was instructed on premeditation using only the statutory definition that *Thompson* found constitutional. Neither the court nor the prosecutor expressly or impliedly suggested that the statutory "length of time to permit reflection" could be as instantaneous as successive thoughts. We therefore conclude that defendant was not prejudiced by the application of a vague statute.

## CONCLUSION

¶ 5 Because the "instantaneous as successive thoughts" concept was not used to convict defendant, we affirm his conviction and sentence.

CONCURRING: CECIL B. PATTERSON, Jr., Judge.

WEISBERG, Judge, concurring.

¶ 6 I respectfully concur in the result only.

¶ 7 The majority relies on the holding in *State v. Thompson*, 201 Ariz. 273, 34 P.3d 382 (App.2001). The main issue in *Thompson* was whether the 1998 premeditation statute, impacted by pre–1998 Arizona Supreme Court interpretation, is constitutional. *Id.* at 280–81, ¶¶ 27–32, 34 P.3d at 389–90. This 1998 statute states as follows:

> "Premeditation" means that the defendant acts with either the intention or the knowledge that he will kill another human being, when such intention or knowledge precedes the killing by any length of time to permit reflection. Proof of actual reflection is not required, but an act is not done with premeditation if it is the instant effect of a sudden quarrel or heat of passion.

Ariz.Rev.Stat. ("A.R.S.") § 13–1101(1)

(1998).[1]

¶ 8 As noted, the 1998 amendment added only the direction that "[p]roof of actual reflection is *not required." Id.* It retained the requirement that there be the intention or knowledge to kill a person, and that such intention or knowledge precede the killing by a length of time sufficient to permit reflection. *Id.* Further, even with such a length of time, the killing cannot be deemed to be premeditated if it arose out of a sudden quarrel or heat of passion. *Id.*

¶ 9 The *Thompson* majority, however, concluded that without the requirement to prove the defendant's actual reflection, premeditation now consists solely of the passage of a sufficient length of time. *Thompson,* 201 Ariz. at 278, ¶ 15, 34 P.3d at 387. According to a 1985 supreme court decision, such a period of time could be "as instantaneous as the time it takes to make successive thoughts to kill . . . ." *Id.* at 280, ¶ 25, 34 P.3d at 389 (citing *State v. Hutton,* 143 Ariz. 386, 389, 694 P.2d 216, 219 (1985)). Because, in the *Thompson* majority's opinion, that failed to provide an adequate standard by which a jury could determine whether premeditation has been proven, the majority concluded that the pre 1998 supreme court interpretation in *Hutton* rendered the 1998 statute unconstitutionally vague. *Id.* at 280–81, ¶¶ 27–32, 34 P.3d at 389–90.

¶ 10 In reaching its conclusion, the *Thompson* majority did not consider the requirement that the jury find that the defendant acted with the intention or knowledge of killing another person, as that requirement interacts with the requirement that the act be preceded by a sufficient length of time to permit reflection. Nor did the majority reflect upon the requirement that the killing may not be deemed to be premeditated if it was the result of a sudden quarrel or heat of passion. These provisions provide guidance to a jury when considering the issue of premeditation. The *Thompson* majority instead chose to focus solely on the supreme court's example of a sufficient length of time. Thus, I disagree with the conclusion reached by the *Thompson* majority.

¶ 11 First, the *Thompson* majority assumes that the supreme court required that a jury always define "any length of time to permit reflection" as meaning merely enough time to form successive thoughts. But such a blanket requirement was never made. The supreme court merely provided an example of the extreme limit under which a jury could conclude that a given defendant might have time to premeditate. That was a practical application of the statute suitable to the facts of *Hutton.* But neither the judiciary nor the legislature has constrained the jury as to how much time *must* pass before it can conclude that a defendant has acted with premeditation. Instead, the judiciary and the legislature have left it to the jury to examine the particular facts and circumstances of each case and determine from those facts and circumstances whether the defendant had sufficient time to premeditate, *and* whether he did so.

¶ 12 In some cases the jury will determine from the facts and circumstances that the time afforded by a defendant's successive thoughts allowed sufficient time for the defendant to premeditate. *See State v. Murray,* 184 Ariz. 9, 32, 906 P.2d 542, 565 (1995) (shooting of victims repeatedly in the back of the head, execution style, showed that defendant had sufficient time to permit reflection, supporting the element of premeditation for first-degree murder). However, in other cases the jury will determine from the facts and circumstances presented that such "instantaneous thoughts" were not sufficient to warrant premeditation. *See State v. Lac-*

---

1. Before 1998, the definition of "premeditation" did not include the phrase "proof of actual reflection is not required." A.R.S. § 13–1101(1) (1978). In 1998, in apparent response to a recent holding in this court that the definition of "premeditation" required proof of actual reflection, *see State v. Ramirez,* 190 Ariz. 65, 69, 945 P.2d 376, 380 (App.1997), the legislature amended the definition of "premeditation" to state that "[p]roof of actual reflection is not required."

A.R.S. § 13–1101(1) (1998). Both the prior and present definitions of premeditation require a "length of time to permit reflection." A.R.S. § 13–1101(1) (1978) and (1998). Thus, the 1998 addition of the phrase "proof of actual reflection is not required" merely sought to restore the pre-*Ramirez* definition of premeditation. *See Ramirez,* 190 Ariz. at 69, 945 P.2d at 380; A.R.S. § 13–1101(1) (1998).

*quey,* 117 Ariz. 231, 233–34, 571 P.2d 1027, 1029–30 (1977) (defendant's tape-recorded admission, the testimony of the pathologist, and the photographs of the deceased all suggested a random, violent and indiscriminate attack upon the victim, rather than the deliberate infliction of injuries calculated to result in death). As previously noted, the amended statute even specifically excludes premeditation when the act has been committed as the result of "a sudden quarrel or heat of passion." A.R.S. § 13–1101(1) (1998).

¶ 13 Our supreme court in *Hutton* makes it clear that we should allow the jury discretion to determine, on a case-by-case basis, whether the evidence warrants a finding of premeditation. 143 Ariz. at 389, 694 P.2d at 219. As Judge Ehrlich explained in her concurrence in *Thompson,* "[t]his is not dissimilar to asking jurors to determine whether an individual acted 'reasonably' or to resolve other conflicts similarly elusive but dependent upon the human experience." *Thompson,* 201 Ariz. at 284, ¶ 48, 34 P.3d at 393 (Ehrlich, J., concurring).[2]

¶ 14 Second, in reaching its conclusion, the *Thompson* majority has effectively and impermissibly overruled our supreme court's decision in *Hutton.* The *Hutton* court reached its conclusion, that the length of time to reflect could be as instantaneous as successive thoughts to kill, a few years after the legislature stated that premeditation requires a length of time sufficient to permit reflection. A.R.S. § 13–1101 (1978). At that time, the *Ramirez* requirement of actual reflection had not yet been grafted into the statute. Therefore, presumably, the supreme court's interpretation applied to a premeditation statute that, like the 1998 statute, did not require a showing of actual reflection. Consequently, the *Thompson* majority, by finding the application of *Hutton* onto the

1998 statute to be unconstitutional, has also effectively declared our supreme court's *Hutton* decision to have been unconstitutional when rendered. Such a pronouncement is both wrong and inappropriately over-reaching. The Court of Appeals is bound by decisions of the Arizona Supreme Court and has no authority to overrule, modify or disregard those decisions. *State v. Foster,* 199 Ariz. 39, 41 n. 1, 13 P.3d 781, 783 n. 1 (App.2000); *Myers v. Reeb,* 190 Ariz. 341, 342, 947 P.2d 915, 916 (App.1997).

¶ 15 Finally, although not a comment on its infirmity, the majority's conclusion in *Thompson* regarding the Arizona Supreme Court's construction of the premeditation statute was mere dicta. *See Thompson,* 201 Ariz. at 281, 283, ¶¶ 33, 41, 34 P.3d at 390, 392. In *Thompson,* the defendant contended that the premeditation statute was unconstitutionally vague on its face. *Id.* at 278, ¶ 16, 34 P.3d at 387. The majority rejected that argument, stating that "a fair reading of the statute, combined with a common-sense consideration of how jurors perform their function, demonstrates that the time period employed by the statute to describe premeditation has enough substance to provide a workable method for distinguishing between degrees of murder." *Id.* at 278, ¶ 16, 34 P.3d at 387. The majority could have ended its analysis there, as it concluded that any defect in the statute, created by *Hutton,* could not have infected the proceedings against the defendant. *Id.* at 281, 283, ¶¶ 33, 41, 34 P.3d at 390, 392. Instead, the majority unnecessarily went on to discuss how the language in *Hutton,* in other circumstances, rendered the statute unconstitutional. *Id.* at 280–81, ¶¶ 25–32, 34 P.3d at 389–90. That discussion was dicta and should not have been relied upon here by the majority.

---

2. Judge Ehrlich elaborated on this point in her concurrence in *Thompson.* In that concurrence, she discussed that premeditation relates to "mental processes," which are not always susceptible to " 'proof of actual reflection.' " *Thompson,* 201 Ariz. at 284, ¶ 48, 34 P.3d at 393 (Ehrlich, J., concurring). A defendant may not leave behind a letter or document evidencing his intention to kill. *Id.* at 284, ¶ 48, 34 P.3d at 393. However,

there might be evidence of the length of time that transpired prior to the murder from which the jury can infer that the defendant formed an intent to kill. *Id.* at 284, ¶ 48, 34 P.3d at 393. For this reason, the law cannot insist on "proof of the actual period during which the thought must be pondered before it can ripen into the 'intention or the knowledge that he will kill another human being'...." *Id.* at 284, ¶ 49, 34 P.3d at 393.

¶ 16 For the foregoing reasons, I respectfully disagree with the majority's reliance on *Thompson.* I do, however, concur in the result because the statute, as properly interpreted, supports the conviction of the defendant here.