NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAMES ANDREW TAYLOR, *Appellant.*

No. 1 CA-CR 24-0209

FILED 01-30-2025

Appeal from the Superior Court in Maricopa County
No. CR2023-102822-001
The Honorable Justin Beresky, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Rebecca Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kristen Reller
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Michael S. Catlett delivered the decision of the Court, in which Judge Daniel J. Kiley and Judge David D. Weinzweig joined.

_____

**C A T L E T T**, Judge:

¶1        James Andrew Taylor ("Taylor") appeals his conviction and sentence for first-degree premeditated murder.  He argues the State committed prosecutorial error by equating the passage of time and intent to kill with premeditation, thereby relieving the State of its burden to prove an element of the crime beyond a reasonable doubt.  Because Taylor has not shown fundamental error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        On the evening of January 19, 2023, Taylor took a combination of medication and alcohol intending to kill himself.  When Taylor woke up the next morning, he was "very angry" and "frustrated because he didn't succeed with his death."  He let his dogs out to the backyard, and they began barking.  Taylor noticed Julia (we use a pseudonym to protect victim confidentiality) standing in the alley.  He threatened her and demanded she leave, but Julia refused, stating she was on public property.  Taylor went inside to retrieve a handgun and returned to the backyard.  He pointed the gun at Julia, threatened her again, and told her to leave.  Julia laughed at Taylor and said "[s]hoot me."  Taylor shot her and she fell to the ground.  Seeing no blood and believing she fainted, Taylor shot Julia two more times because, as he later explained, "when he started something he finished it."  All three gunshot wounds were fatal.

¶3        The State charged Taylor with first-degree premeditated murder.  At trial, Taylor did not dispute that he shot and killed Julia.  His sole defense was that he did not act with premeditation.  Taylor argued he was an angry man who had just attempted suicide and reacted to the confrontation by shooting Julia without thinking.  He claimed he was "guilty at most of second degree [murder], but he [was] definitely not guilty of first degree" murder because he did not reflect on killing Julia—he simply acted in the heat of the moment.

¶4 The State argued Taylor acted with premeditation because he reflected on killing Julia before doing so. The State claimed Taylor reflected on killing Julia as he went back inside to retrieve his gun. The State argued Taylor reflected again when he threatened Julia a second time before he pulled the trigger. And the State argued Taylor lastly reflected before he took two additional shots after Julia fell to the ground. The State also introduced Taylor's journal outlining his plan to "kill innocent people" if he woke up after trying to commit suicide. The State claimed Taylor was executing the mapped-out plan from his journal after he failed to kill himself and Julia was the innocent victim.

¶5 The jury found Taylor guilty of first-degree premeditated murder and the court sentenced him to natural life in prison. Taylor timely appealed; we have jurisdiction. *See* A.R.S. §§ 12-120.21(A)(1), 13-4031, 13-4033(A)(1).

**DISCUSSION**

¶6 Taylor argues the State committed prosecutorial error by equating the passage of time with premeditation. Because Taylor failed to object at trial, we review for fundamental error. *State v. Escalante*, 245 Ariz. 135, 140 ¶ 12 (2018). To succeed under that standard of review, Taylor must show there was error at trial, the error was fundamental, and he was prejudiced. *Id.* at 142 ¶ 21. He has not made that showing.

¶7 Taylor takes issue with several statements the prosecutor made about Taylor having a moment to reflect on the killing. "Prosecutors have 'wide latitude' in presenting their arguments to the jury." *State v. Morris*, 215 Ariz. 324, 336 ¶ 51 (2007) (quoting *State v. Jones*, 197 Ariz. 290, 305 ¶ 37 (2000)). During closing arguments, the prosecutor may "summarize the evidence, make submittals to the jury, urge the jury to draw reasonable inferences from the evidence, and suggest ultimate conclusions." *State v. Smith*, 250 Ariz. 69, 100 ¶ 144 (2020) (quoting *State v. Goudeau*, 239 Ariz. 421, 466 ¶ 196 (2016)). But a misstatement of the law is not permitted and constitutes error. *State v. Murray*, 250 Ariz. 543, 549–50 ¶ 19 (2021). In evaluating closing arguments for prosecutorial error, courts consider whether the remarks "called to the jury's attention matters it should not have considered in reaching its decision" and "the probability that the jurors were in fact influenced by the remarks." *Smith*, 250 Ariz. at 100 ¶ 144 (quoting *Goudeau*, 239 Ariz. at 466 ¶ 196).

¶8 Taylor argues the prosecutor misstated an element of first-degree premeditated murder by equating time with premeditation.

Premeditation is defined as a defendant's act "with either the intention or the knowledge that he will kill another human being, when such intention or knowledge precedes the killing by any length of time to permit reflection." A.R.S. § 13-1101. "Proof of actual reflection is not required" and premeditation may be proven through "direct evidence such as diary entries" or circumstantial evidence such as "the acquisition of a weapon by the defendant before the killing" and "the passage of time." A.R.S. § 13-1101; *State v. Thompson*, 204 Ariz. 471, 479 ¶ 31 (2003). "The [S]tate may argue that the passage of time *suggests* premeditation, but it may not argue that the passage of time *is* premeditation." *Thompson*, 204 Ariz. at 480 ¶ 33.

¶9        Here, the prosecutor's arguments that Taylor had a moment to reflect to prove premeditation were not erroneous. Contrary to Taylor's position, the prosecutor did not argue that the passage of time alone proves premeditation. Rather, the prosecutor argued that Taylor's written plan to kill innocent people, threats to Julia, retrieval of his pistol, and two additional shots accompanied with requisite time for reflection proved premeditation.

¶10        Taylor additionally claims that the prosecutor did not actually make those arguments at trial, but that, instead, the State attempts to connect the dots on appeal through selective transcript edits in its brief. That is inaccurate. In her closing argument, the prosecutor gave the definition of premeditation and then argued how the threats, retrieval of the gun, and additional shots fit that definition. The prosecutor also explained that "Taylor intended to kill [Julia] and he thought about it. He planned it. He executed the plan that he wrote in his journal." That is an argument about how Taylor reflected on his written plan to commit murder. The record reflects that the prosecutor made the arguments just as the State claims, and those arguments were proper.

¶11        Taylor next argues the prosecutor improperly equated intent to kill with premeditation. He correctly points out that the prosecutor misstated the law when she told the jury: "If after consideration of all the evidence you are firmly convinced that James Taylor intended to kill [Julia] you must find him guilty." *Cf.* A.R.S. § 13-1105(A)(1) (defining first-degree premeditated murder as causing the death of another person with the intent or knowledge that the person's conduct will cause death *and premeditation*). Although this was an incorrect way to start her argument for first-degree murder, the prosecutor then walked the jury through the correct elements of the crime by arguing, "Taylor caused the death of [Julia]," "he intended or knew that he would cause the death of [Julia]," "[a]nd the last portion of that is that he acted with premeditation." *See* A.R.S. § 13-1105(A)(1). She

also highlighted that "it's the reflection, regardless of the length of time in which it occurs, that distinguishes first-degree murder from second-degree murder." And the court correctly instructed the jury on the elements of first-degree premeditated murder and provided the correct definition of premeditation.

¶12     Because the prosecutor correctly argued the elements of first-degree premeditated murder and the jury received correct instructions, any confusion about the applicable law was cured. *See State v. Prince*, 226 Ariz. 516, 538 ¶ 89 (2011) (citing *State v. Newell*, 212 Ariz. 389, 403 ¶ 68 (2006)) (concluding that any confusion caused by the prosecutor's misstatement of law was cured by proper jury instructions). We presume the jury followed the court's instructions and was not influenced by the prosecutor's brief misstatement of the law. *Newell*, 212 Ariz. at 403 ¶ 68–69 (citation omitted). Thus, Taylor cannot show fundamental error, much less resulting prejudice. *See Prince*, 226 Ariz. at 538 ¶ 89–90.

## CONCLUSION

¶13     We affirm.

